UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

TONY MARTINEZ,                               No. 2:11-cv-02608-MCE-EFB

      Plaintiff,

  v.                                         **ORDER**

WATT-ELKHORN ASSOCIATION, LP;
BIG 5 CORP, et al.,

      Defendants.

----oo0oo----

Through the present action, Plaintiff Tony Martinez alleges that he encountered barriers to access at a store operated by Defendant Big 5 Corp. ("Big 5"). Plaintiff's lawsuit seeks damages, injunctive and declaratory relief, and attorney's fees and costs under Title III of the Americans With Disabilities Act of 1990, 42 U.S.C. §§ 12101, et seq., as well as related California statutes. On October 28, 2011, in response to Plaintiff's complaint, Big 5 filed an answer alleging twenty-four affirmative defenses.

///

1

Plaintiff now moves to strike those defenses as either factually insufficient, legally improper, or both under Federal Rule of Civil Procedure 12(f).  Plaintiff alternatively seeks partial summary judgment under Rule 56 as to the viability of said defenses.

In opposition to Plaintiff's motion, Big 5 states that it raised multiple affirmative defenses in its answer in order to avoid potential waiver of those defenses.  It requests leave of court fo file an amended answer paring down the affirmative defenses being asserted, and providing additional explication for the defenses that it does elect to retain.  Review of the proposed answer, a copy of which is attached to Big 5's opposition, reveals only five affirmative defenses in place of the original twenty-four.  According to Big 5, it sought to obtain a stipulation from Plaintiff to permit the amended answer but no agreement from Plaintiff in that regard was forthcoming.

Since the proposed amended answer drastically reduces the number of affirmative defenses being pled, it makes no sense whatsoever for the court to rule on the presently pending motion to dismiss, and its laborious analysis as to each of the original defenses.  Instead, as Big 5 proposes, leave to amend the original answer appears appropriate.  Big 5 argues that there is no prejudice to Plaintiff from permitting that amendment inasmuch as the case was only filed on October 4, 2011, and discovery is not even yet underway.

The Court agrees.  Significantly, Plaintiff filed no reply taking issue with Big 5's request to file an amended answer, and its contention that such an answer would not prejudice Plaintiff.

Moreover, as is the case with amendment of other pleadings at this early stage of litigation, leave to amend should be freely given.  See, e.g., Wyshak v. City Nat. Bank, 607 F.2d 824, 826 (9th Cir. 1979).

Big 5 is accordingly given leave to amend its answer, and is directed to file its proposed amended answer, attached as Exhibit 1 to its opposition, not later than ten (10) days following the date of this order.  Having permitted the filing of an amended answer, Plaintiff's motion to strike, alternatively brought as a motion for partial summary judgment (ECF No. 8) is DENIED as moot.[1]

IT IS SO ORDERED.

Dated: January 23, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Because oral argument was not of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local Rule 230(g).